UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EDWARD LOPEZ VASQUEZ,** <br> **TDCJ No. 02251487,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | §§§§§§§§§§§§§§ | CIVIL NO. SA-23-CA-01279-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Edward Lopez Vasquez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 14), and petitioner's Reply (ECF No. 18) thereto.  In his § 2254 petition, petitioner challenges the constitutionality of his 2019 state court conviction for indecency with a child by sexual contact, arguing, among other things, that (1) he was denied due process and his conviction was obtained by an unlawful search and seizure, (2) he received ineffective assistance from his trial and appellate counsel, and (3) he was denied procedural due process during his state habeas corpus proceedings.  In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In February 2019, petitioner was convicted by a Kerr County jury of indecency with a child by sexual contact and sentenced, as a repeat offender, to life imprisonment without parole. *State v. Vasquez*, No. A18665 (216th Dist. Ct., Kerr Cnty., Tex. Feb. 26, 2019).[1]  Petitioner's conviction was affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on December 16, 2020.  *Vasquez v. State*, No. 03-19-00164-CR, 2020 WL 5053221 (Tex. App.—Corpus Christi-Edinburg, July 9, 2020, pet. ref'd); *Vasquez v. State*, No. PD-0660-20 (Tex. Crim. App.).[2]

On December 13, 2021, petitioner challenged the constitutionality of his state court conviction by filing a state application for habeas corpus relief.[3]  *Ex parte Vasquez*, No. 61,301-02 (Tex. Crim. App.).[4]  The Texas Court of Criminal Appeals ultimately denied the application without written order on February 16, 2022.[5]  Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on January 19, 2023.[6]

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

---

[1] ECF No. 13-1 at 85-87 (Judgment).

[2] ECF Nos. 13-11 (Opinion), 13-16 (PDR Notice); *see also* http://www.search.txcourts.gov, search for "Vasquez, Edward" last visited May 20, 2024.

[3] Because of petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[4] ECF No. 13-23 at 11-28.

[5] ECF No. 13-24.

[6] ECF No. 1 at 16.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final May 15, 2021, 150 days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").[7]

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state conviction expired a year later on Monday, May 16, 2022.[8] Because petitioner did not file his § 2254 petition until January 19, 2023—eight months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

   A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented petitioner from filing a timely petition. There also has been no showing of a newly recognized constitutional

---

[7] Because of the Covid pandemic, the Supreme Court temporarily extended the time to file a petition for writ of certiorari from 90 days to 150 days. *See* Supreme Court Order dated March 19, 2020, *rescinded July 19, 2021*.

[8] As the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, petitioner challenged the constitutionality of his state court conviction in a state habeas application filed December 13, 2021, which was eventually denied by the Texas Court of Criminal Appeals on February 16, 2022. Accordingly, petitioner's state habeas application tolled the limitations period for a total of 66 days, making his federal petition due on July 21, 2022. Again, he did not file the instant § 2254 petition until January 19, 2023, still six months too late.

B.     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Neither petitioner's reply brief nor his § 2254 petition provide a valid argument for equitably tolling the limitations period in this case. In his reply, petitioner briefly mentions that "medical conditions" which affect his daily activities prevented him from asserting his federal

rights in timely manner. (ECF No. 18 at 13). Other than this lone sentence, however, petitioner provides no evidence of a medical condition or any explanation as to how the condition prevented his timely filing. This Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Because petitioner's assertion is unsubstantiated by anything else in the record, it does not support his request for equitable tolling.

Indeed, even with the benefit of liberal construction, petitioner has provided no reasonable justification to this Court for the application of equitable tolling. Nor does petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).[9]

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction became final in May 2021, yet he did not execute his state habeas corpus application challenging the underlying conviction until December 2021. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited almost an entire year after the

---

[9] To the extent petitioner cites the Supreme Court cases of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), as a basis for equitable tolling (ECF No. 18 at 14), his argument is similarly unpersuasive. These cases addressed exceptions to the procedural default rule—they do not apply to the statute of limitations. *See Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023) (finding *Martinez* "has no applicability to the statutory limitations period prescribed by AEDPA.").

Texas Court of Criminal Appeals denied his state habeas application in February 2022 before filing the instant federal petition in this Court.

Consequently, because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the

lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Although the one-year statute of limitations found in the AEDPA has been in place since 1996, petitioner provided no reasonable justification for missing the filing deadline by nearly six months. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Edward Lopez Vasquez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 20th day of May, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE